**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **RAY M. SHEPARD,** | |
| **PLAINTIFF** | |
| **V.** | |
| **LOANCARE, LLC** | **Case No.:** <u>1:19-cv-1286</u> |
| **Serve Resident Agent:** **The Corporation Trust Incorporated** **2405 York Road, Suite 201** **Lutherville, Maryland 21093** | |
| **DEFENDANT.** | |

## VERIFIED COMPLAINT

NOW INTO COURT COMES the Plaintiff, Ray M. Shepard, who hereby sues the Defendant, LOANCARE, LLC, and in support of his cause of action makes the following allegations:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action seeking redress for Defendant's willful and continuing violations of the Maryland and Federal Telephone Consumer Protection Acts ("TCPA"), 47 U.S.C § 227, *et seq.* and ("MTCPA"), Md. Commercial Law Code §§ 14-3201-3202, each of which prohibits the Defendant from making telephone calls using any automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice to Plaintiff's cellular telephone number unless such calls are made solely to collect a debt owed to or guaranteed by the United States.  47 U.S.C § 227(b)(1)(A)(iii).

2.      Beginning on or about December 18, 2017 and continuing to the filing of this Complaint, the Defendant has placed more than 125 telephone calls using an ATDS and prerecorded voice to Plaintiff's cellular telephone number after Plaintiff: (1) provided proof to the Defendant that no debt was owed to Defendant and (2) asked the Defendant to stop making such calls to Plaintiff's cellular telephone number.

3.      The prerecorded voice message, captured multiple times on Plaintiff's cellular telephone voicemail, states: "Please return our call at LOANCARE, the number is 800-909-9525. Our office hours are 8:00 AM to 10:00 PM eastern standard time Monday through Friday and 8:00 AM to 3:00 PM on Saturday.  Once again, that number is 800-909-9525. Thank you."

4.      Defendant's conduct and actions have repeatedly violated the TCPA and the MTCPA, for which Plaintiff seeks judgment against the Defendant equal to $500.00 per violation, together with reasonable attorneys' fees, court costs, and treble damages in the amount of $1,500.00 for each knowing and/or willful violation.  47 U.S.C § 227(b)(3); Md. Commercial Law Code §§ 14-3201-02.

## THE PARTIES

5.      Plaintiff is a citizen of the United States and of the state of Maryland residing in Pasadena, Maryland.

6.      Defendant LOANCARE, LLC is a limited liability company duly organized under the laws of the Commonwealth of Virginia on December 2, 2013 and currently maintains its principal office at 3637 Sentara Way, Virginia Beach, Virginia 23452.  On December 4, 2013, LOANCARE, LLC registered as a Virginia limited liability company conducting business in Maryland and designated a resident agent in Maryland, which is currently The Corporate Trust Incorporated, 2405 York Road, Suite 201, Lutherville, Maryland 21093.

## JURISDICTION & VENUE

7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.  Further, this Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of two different states.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## LEGAL BASIS FOR THE CLAIMS

9.      Congress enacted the TCPA in 1991 after determining that "[m]any consumers [were] outraged over the proliferation of intrusive, nuisance calls . . . from telemarketers." 47 U.S.C. § 227 note, Pub. L. No. 102-243, § 2(6)-(7).

10.     The TCPA makes it "unlawful . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a . . . cellular telephone service, . . . unless such call is made solely to collect a debt owed or guaranteed by the United States." 47 U.S.C. § 227(b)(1)(A)(iii).

11.     Under the TCPA, an ATDS is defined as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

12.     The TCPA gives the Federal Communications Commission ("FCC") the authority to "prescribe regulations to implement the requirements" of the TCPA. 47 U.S.C. § 227(b)(2). The

FCC began issuing such rulings in 1992. *See In re Rules & Regulations Implementing the Telephone Consumer Prot. Act of 1991*, 7 FCC Rcd. 8752, 8753 (1992).

13.    FCC regulations implementing the TCPA require that in every case where a prerecorded voice telephone message constitutes telemarketing and is delivered to a cellular telephone number, the message must provide an automated interactive voice and/or key press-activated opt-out mechanism for the called person to make a do-not-call request and, when such a request is made, the mechanism must automatically record the called person's number to the do-not-call list and immediately terminate the call.  47 C.F.R. § 64.1200(b)(3).

14.    When the artificial or prerecorded voice telephone message is left on an answering machine or a voice mail service, such message must also provide a toll free number that enables the called person to call back at a later time and connect directly to the automated, interactive voice- and/or key press-activated optout mechanism and automatically record the called person's number to the seller's do-not-call list. 47 C.F.R. § 64.1200(b)(3).

15.    The TCPA allows consumers who receive prohibited calls to recover the greater of their actual monetary loss or $500 per violation of the TCPA, and allows for treble damages where a violation is "willful or knowing." 47 U.S.C. § 227(b)(3).  A similar private cause of action is granted for violations of the FCC's regulations implementing the TCPA. 47 U.S.C. § 227(c)(5).

16.    The Maryland Telephone Consumer Protection Act ("MTCPA") defines any violation of the federal TCPA as an "unfair or deceptive trade practice" and permits consumers to recover reasonable attorney's fees and statutory damages of "$500 for each such violation."  Md. Commercial Law Code §§ 14-3201-3202.

17.     Under the MTCPA, "each prohibited practice during a telephone solicitation is a separate violation" resulting in separate statutory damages.  Md. Commercial Law Code § 14-3202(c).

## STATEMENT OF FACTS

18.     At all relevant times, Plaintiff's cellular telephone number was/is (410) ***-7119 and is registered with Verizon Wireless.  Plaintiff's cellular telephone has been registered on the National Do-Not-Call list since June 30, 2003.  **Exhibit 1.**

19.     In or about July 2017, Plaintiff refinanced his primary residence located at 7613 Water Oak Point Road, Pasadena, Maryland 21122 with Pacific Union Financial, LLC.  As a result of the refinance, Plaintiff began making his mortgage payments to Pacific Union Financial, LLC in August 2017.  **Exhibit 2.**

20.     At or around October 2, 2017, Pacific Union Financial, LLC informed Plaintiff that his mortgage note would be sold to LOANCARE, LLC and that future mortgage payments should be made to LOANCARE, LLC and not to Pacific Union Financial, LLC.  Plaintiff's mortgage payment that had been delivered to Pacific Union Financial, LLC on or about October 2, 2017 was returned to Plaintiff.  Plaintiff immediately thereafter paid the mortgage payment to LOANCARE, LLC on October 17, 2017.  **Exhibit 2.**

21.     Plaintiff began making regular monthly mortgage payments to LOANCARE, LLC at or near the beginning of each month starting in November 2017.  **Exhibits 2 and 3.**

22.     From November 2017 until the filing of this Complaint, Plaintiff has timely paid the mortgage payment to LOANCARE, LLC via an automatic recurring bill-payment system at Capital One Bank.  **Exhibits 2 and 3.**  Each Capital One Bank payment is made directly to LOANCARE, LLC's bank account by way of electronic funds transfer from Plaintiff's account at

Capital One Bank.  This payment process has been used during all times relevant to this Complaint and will continue to occur each month at or near the preselected day of the month automatically until cancelled by Plaintiff.

23.     On or about December 18, 2017, Plaintiff began receiving telephone calls to his cellular telephone number from (800) 909-9525 LOANCARE, LLC using an ATDS and a pre-recorded voice.

24.     Plaintiff called LOANCARE, LLC using (800) 909-9525 on January 17, 2018, January 27, 2018 and again on February 2, 2018.  During the telephone discussion on January 17, 2018, LOANCARE, LLC asserted it did not receive any mortgage payment from Plaintiff in December 2017.  During the calls on January 27, 2018 and February 2, 2018, Plaintiff informed LOANCARE, LLC that Plaintiff's bank records indicated payment was made in December 2017 and Plaintiff asked LOANCARE, LLC to stop calling Plaintiff's cellular telephone number.

25.     Plaintiff initiated an inquiry with Capital One Bank regarding the December 2017 mortgage payment and the matter was assigned claim number 180205CL01346.  On February 14, 2018, Capital One Bank confirmed LOANCARE, LLC had, in fact, received the electronic mortgage payment for December 2017 on December 1, 2017, just as reflected in Plaintiff's records. **Exhibit 4.**

26.     On or about February 14, 2018, Plaintiff again informed LOANCARE, LLC that they did receive payment on December 1, 2017 and Plaintiff identified for LOANCARE, LLC the LOANCARE bank account into which the payment was made, the routing number, the credit trace number and the file trace number associated with the transaction.  **Exhibit 4.**  Plaintiff again requested that LOANCARE, LLC stop placing calls to his cellular telephone.

27.     On December 12, 2017, Plaintiff elected to pay a reported end-of-the-year escrow shortage in the amount of $32.15 to LOANCARE, LLC instead of having the shortfall added to his 2018 mortgage payments, thereby keeping the mortgage payment amount the same for 2018. **Exhibit 2.**

28.     When Plaintiff informed LOANCARE, LLC on or about February 14, 2018 that they did receive payment on December 1, 2017, as confirmed by Capital One Bank, the LOANCARE representative stated the $32.15 payment on December 12, 2017 must have prevented LOANCARE from accounting for the December 1, 2017 mortgage payment.  The LOANCARE representative assured Plaintiff that the mistake would be corrected, that LOANCARE, LLC would correct its records to reflect receipt of the December payment, and that the telephone calls to Plaintiff's cellular telephone number would stop.

29.     Despite LOANCARE LLC's promise that the telephone calls to Plaintiff's cellular number would stop, unsolicited calls made by an ADTS and using the same prerecorded voice continued to come from LOANCARE, LLC using (800) 909-9525 in April 2018 and have continued to be placed by Defendant in every month since then and are continuing to this day.

30.     On March 6, 2018, Plaintiff received verbal confirmation from Capital One Bank that proof of the December 2017 mortgage payment had also been sent to LOANCARE, LLC directly by Capital One Bank.

31.      Beginning on or about December 18, 2017 and continuing to the filing of this Complaint, the Defendant has placed more than 125 telephone calls using an ATDS and prerecorded voice to Plaintiff's cellular telephone number in violation of the TCPA and MTCPA.

## COUNT I
### (Injunctive Relief under the TCPA)

32.     Plaintiff incorporates Paragraphs 1-31 of the Complaint as if repeated here verbatim.

33.     Pursuant to 47 U.S.C § 227(b)(3)(A), Plaintiff is entitled to an Order enjoining the Defendant, or anyone acting in concert with the Defendant, from making any further telephone calls to Plaintiff's cellular telephone number in violation of the TCPA.

WHEREFORE, Plaintiff demands judgment against Defendant in the form of an Order enjoining the Defendant from making any further calls to Plaintiff's cellular telephone in violation of the TCPA.

## COUNT II
### (Statutory Damages under the TCPA)

34.     Plaintiff incorporates Paragraphs 1-31 of the Complaint as if repeated here verbatim.

35.     The TCPA makes it "unlawful . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a . . . cellular telephone service, . . . unless such call is made solely to collect a debt owed or guaranteed by the United States." 47 U.S.C. § 227(b)(1)(A)(iii).

36.     At no relevant time has Plaintiff been in default of his mortgage or given his express consent for such calls and, moreover, if Plaintiff's consent to receive such calls could have been implied for any reason, it was clearly revoked by Plaintiff on the multiple occasions when Plaintiff asked that such calls stop.

37.     Defendant has violated 47 U.S.C. § 227(b)(1)(A)(iii) at least 125 times by placing calls to Plaintiff's cellular telephone number, (410) ***-7119, without Plaintiff's prior express consent and despite Plaintiff's repeated requests that such calls stop.

38.     Pursuant to 47 U.S.C. § 227(b)(3)(B), Plaintiff is entitled to statutory damages of $500 for each such violation of the TCPA.

39.     Pursuant to 47 U.S.C. § 227(b)(3), "[i]f the court finds that the Defendant willfully **or** knowingly violated [the TCPA], the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) …".

40.     Defendant expressly promised to stop the calls to Plaintiff's cellular number and to correct its records to reflect the absence of any default by Plaintiff regarding his mortgage, but apparently has not done so because the Defendant keeps making calls in violation of the TCPA. Accordingly, this Court should find the Defendant's violations of the TCPA occurring after February 14, 2018 were committed willfully **or** knowingly and award Plaintiff $1,500 for each such violation.

WHEREFORE Plaintiff demands judgment against Defendant in the form of statutory damages, together with reasonable attorneys' fees, court costs, and treble damages in an amount to be determined at trial.

### COUNT III
(Statutory Damages under TCPA Regulations)

41.     Plaintiff incorporates Paragraphs 1-31 of the Complaint as if repeated here verbatim.

42.     FCC regulations implementing the TCPA require that in every case where a prerecorded voice telephone message constitutes telemarketing and is delivered to a cellular

telephone number, the message must provide an automated interactive voice and/or key press-activated opt-out mechanism for the called person to make a do-not-call request and, when such a request is made, the mechanism must automatically record the called person's number to the do-not-call list and immediately terminate the call.  47 C.F.R. § 64.1200(b)(3).

43.     When the artificial or prerecorded voice telephone message is left on an answering machine or a voice mail service, such message must also provide a toll free number that enables the called person to call back at a later time and connect directly to the automated, interactive voice- and/or key press-activated optout mechanism and automatically record the called person's number to the seller's do-not-call list. 47 C.F.R. § 64.1200(b)(3).

44.     At no relevant time has Plaintiff been in default of his mortgage or given his express consent for such calls and, moreover, if Plaintiff's consent to receive such calls could have been implied for any reason, it was clearly revoked by Plaintiff on the multiple occasions when Plaintiff asked that such calls stop.

45.     Plaintiff has received more than one (1) telephone call within a twelve (12) month period that violated the above FCC regulations, and therefore, is entitled pursuant 47 U.S.C. § 227(c)(5)(B), to statutory damages of $500 for each such violation of the regulations and up to $1,500 for each violation found to have been committed "willfully or knowingly."

WHEREFORE Plaintiff demands judgment against Defendant in the form of statutory damages, together with reasonable attorneys' fees, court costs, and treble damages in an amount to be determined at trial.

## COUNT IV
(Statutory Damages under MTCPA)

46.     Plaintiff incorporates Paragraphs 1-31 of the Complaint as if repeated here verbatim.

47.     The Maryland Telephone Consumer Protection Act ("MTCPA") defines any violation of the federal TCPA as an "unfair or deceptive trade practice" and permits consumers to recover reasonable attorney's fees and statutory damages of "$500 for each such violation."  Md. Commercial Law Code §§ 14-3201-3202.

48.     Under the MTCPA, "each prohibited practice during a telephone solicitation is a separate violation" resulting in separate statutory damages.  Md. Commercial Law Code § 14-3202(c).

49.     At no relevant time has Plaintiff been in default of his mortgage or given his express consent for such calls and, moreover, if Plaintiff's consent to receive such calls could have been implied for any reason, it was clearly revoked by Plaintiff on the multiple occasions when Plaintiff asked that such calls stop.

50.     Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) at least 125 times by placing calls to Plaintiff's cellular telephone number, (410) ***-7119, without Plaintiff's prior express consent and despite Plaintiff's repeated requests that such calls stop.  Accordingly, by such violations, Defendant has also violated the MTCPA at least 125 times.

WHEREFORE Plaintiff demands judgment against Defendant in the form of statutory damages, together with reasonable attorneys' fees, court costs, and treble damages in an amount to be determined at trial.

## **VERIFICATION**

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge and belief.

Ray M. Shepard

Dated: May 1, 2019

Ray M. Shepard, Esq.
District Court Bar No. 09473
The Shepard Law Firm, LLC
122 Riviera Drive
Pasadena, MD 21122
(410) 255 0700
(443) 773 1922 (fax)
Ray@Shepard.Law